**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

SUSTAINABLE ENERGY )
TECHNOLOGIES, INC., )
  )
       Plaintiff/ )
       Counter-Defendant, )
vs. )   Case No.  2:22-cv-4128-NKL
  )
DAVID STRUMPF; )
COU INDUSTRIES, LLC., )
  )
       Defendants/ )
       Counter-Plaintiff. )

## ORDER

Before the Court is a Motion to Dismiss by Plaintiff/Counter-Defendant Sustainable

Energy Technologies, Inc. ("SETI") seeking to dismiss Count II of Defendant/Counter-Plaintiff

David Strumpf's Amended Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6).

*See* Doc. 23 (SETI's Renewed Mot. Dismiss); Doc. 24 (Suggestions in Support of Mot. Dismiss).[1]

**I.     BACKGROUND[2]**

SETI makes specialized energy storage systems—batteries—using what is known as

graphene matrix battery technology. *See* Doc. 1, at ¶ 8 (Complaint). SETI's system has both

---

[1] The Court has diversity jurisdiction over this counterclaim. Mr. Strumpf is citizen of Missouri
and, given SETI is a corporation, it is a citizen of Delaware and Florida. *See* Doc. 1, at ¶¶ 1–2.
And, from the pleadings, the amount in controversy in this case plausibly exceeds $75,000.

[2] The factual background is drawn primarily from Mr. Strumpf's Answer and Amended
Counterclaim, Doc. 21 (Amended Counterclaim); Doc. 11 (Answer), but the Court will
supplement those allegations with information from SETI's Complaint, Doc. 1, where necessary
to provide context. *See generally Williams v. Sec. Nat. Bank of Sioux City, IA.*, 293 F. Supp. 2d
958, 960 (N.D. Iowa 2003); *See also Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir.
2010) (when addressing a motion to dismiss, a court "may consider the pleadings themselves,

1

technological and environmental benefits compared to the more common lithium and lead-acid batteries. *Id.*, at ¶¶ 8–9. In late 2021, SETI began marketing its energy solutions in the United States. *Id.*, at ¶¶ 14–17.

Also in 2021, SETI began working with Defendant/Counter-Plaintiff David Strumpf and his company, COU Industries, LLC. SETI first engaged Mr. Strumpf as a consultant to "determine the viability of SETI's technology and related research and application design efforts." *Id.*, at ¶ 18. On August 1, 2021, SETI engaged Mr. Strumpf on an "ongoing consultation basis" to continue testing the "safety specifications, and performance of various aspects of SETI's proprietary graphene matrix battery technology." *Id.* On the same date, Mr. Strumpf joined SETI as its Chief Technology Officer. *Id.*, at ¶¶ 21–22; *see also* Doc. 11, at ¶ 21; Doc. 21, at ¶ 1. At all times relevant to Mr. Strumpf's counterclaim, he was employed as SETI's Chief Technology Officer, though at times he offered separate consulting services. Doc. 21, at ¶¶ 1, 14; Doc. 1, ¶ 17. Mr. Strumpf continued as SETI's Chief Technology Officer until at least July 19, 2022. Mr. Strumpf also accepted a seat on SETI's board of directors in early December 2021. Doc. 11, ¶¶ 24, 26.

Through his work as a SETI employee, Mr. Strumpf evaluated SETI's graphene matrix battery technology. Doc. 21, ¶ 16. During his evaluations, "several power pouches ignited, causing fire damage to Strumpf's basement and home[,]" and therefore Mr. Strumpf believed SETI's technology needed further development before it was ready to market. *Id.* Mr. Strumpf told other members of SETI management, including SETI Treasurer Tara Brown, SETI General Counsel Don Weinbren, and Chief Executive Officer Chris Sanders, as much. *Id.* at ¶ 17. SETI nevertheless continued to claim that its technology was market ready. Mr. Strumpf claims that by

---

materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.").

continuing to represent that SETI's technology was market ready, SETI, and its management, violated Missouri law. Ms. Strumpf told SETI management, including Chris Sanders, Tara Brown, and Don Weinbren, that his evaluation did not support SETI's claims of market readiness from August 2021 through May 2022. *Id.* at ¶ 19–21.

SETI continued to market its technology, unpersuaded by Mr. Strumpf. SETI management asked Mr. Strumpf to create a "data room" to use to present the technology, including its ability to function safely, to investors. When Mr. Strumpf refused, SETI fired him.

As a result, Mr. Strumpf pled a counterclaim against SETI under the Missouri Whistleblower's Protection Act, claiming that he was fired because he notified SETI management that it was wrongly informing investors and the public that SETI's technology was safe and ready to market.[3] Mr. Strumpf also claims that SETI violated Missouri's Whistleblower's Protection Act by terminating him after he refused to develop a "data room" that would mislead and defraud existing and prospective investors to raise additional capital. Doc. 22, at ¶ 26.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That means that the complaint must contain enough factual matter from which—drawing all inferences in the plaintiff's favor—the Court can conclude that the plaintiff can satisfy each element of the cause of action pled. *Cornerstone Consultants, Inc. v. Prod. Input Sols., L.L.C.*, 789 F. Supp. 2d 1029, 1049 (N.D. Iowa 2011). That said, the complaint "does not need detailed factual allegations," just

---

[3] Because the merits of SETI's lawsuit against Mr. Strumpf and the remainder of Mr. Strumpf's counterclaims are not at issue, the Court will not discuss them here.

"enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party . . . but [is] not bound to accept as true [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements or legal conclusions couched as factual allegations." *McDonough v. Anoka Cty.*, 799 F.3d 931, 945 (8th Cir. 2015) (internal citations and quotation marks omitted). Such conclusory allegations, legal characterizations, unwarranted deductions of fact, or unreasonable inferences need not be accepted as true by the Court. *See, e.g.*, *Ludwick v. Harbinger Grp., Inc.*, 854 F.3d 400, 406 (8th Cir. 2017) (citing *Iqbal*, 556 U.S. at 681); *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997).

## III. DISCUSSION

### A. The Missouri Whistleblower's Protection Act

The Missouri Whistleblower's Protection Act makes it unlawful "for an employer to discharge an individual defined as a protected person in this section because of that person's status as a protected person." *See* Mo. Rev. Stat. § 285.575.4. Practically speaking, then, a plaintiff must prove: (1) discharge of an employee who is a "protected person;" (2) by a covered employer; (3) the motivating factor in the discharge is the employee's protected status; (4) the employee suffered damages. Mo. Rev. Stat. § 285.574.4–5; *Yount v. Keller Motors, Inc.*, 639 S.W.3d 458 (Mo. Ct. App. E.D. 2021) (statute was intended to codify the common law exceptions to employment at will that were established prior to the effective date of the statute, and the statute would be construed accordingly, even if certain provisions seemingly diminished the scope of the prior exceptions).

4

SETI argues that, for various reasons, Mr. Strumpf is not a protected person. The Court will begin its analysis there.

An employee is a "protected person" if he or she: (i) has reported to the proper authorities an unlawful act of the employer; (ii) has reported to his or her employer serious misconduct of the employer that violates a clear mandate of public policy as articulated in a constitutional provision, statute, or regulation promulgated under a statute; or (iii) has refused to carry out a directive of the employer that if completed would be a violation of the law. Mo. Rev. Stat. § 285.575.2(4). However, an employee is not a protected person even if they satisfy one or more of these requirements if the employee also meets either of two exceptions. First a supervisory, managerial, or executive employee or officer of the employer is not a protected person if the unlawful act or reported misconduct concerns matters upon which the employee is employed to report or provide a professional opinion. Second, an employee is not protected if the authority to whom the employee reports is the person who the employee claims to have committed the unlawful act or violation of a clear mandate of public policy. Mo. Rev. Stat. § 285.575.2(4)(a)–(b); *Meehan v. PNC Financial Services Group, Inc.*, 2018 WL 2117655 (E.D. Mo. 2018) (no claim if employee reports wrongdoing to the wrongdoer). SETI argues that both exceptions apply. Because the Court concludes that the first exception to protected person status is clearly established by the Amended Counterclaim, and that no additional factual allegations could stave off the exception, the Court addresses only that issue.

Mr. Strumpf's Amended Counterclaim facially establishes that he is a SETI officer and executive employee, and therefore not a protected person. Mr. Strumpf alleges that at the time of his report, he was SETI's Chief Technology Officer ("CTO") and a member of the board of directors. *E.g.*, Doc. 21, ¶¶ 1, 2, 27. He was hired to evaluate SETI's technology. *Id.* ¶ 16. It was

5

the perceived deficiencies in that technology that Mr. Strumpf reported to SETI's management. *Id.* ¶ 17. And it was SETI's representation that the same technology *was* market ready, contrary to Mr. Strumpf professional opinion, that Mr. Strumpf claims was unlawful or violative of public policy. These allegations plainly establish the first exception to protected person status. *See* Mo. Rev. Stat. § 285.575(2)(4)(a).

Mr. Strumpf argues that the nature of his employment is a fact question, given there is no allegation that Mr. Strumpf managed or supervised employees or the company itself, and because he was paid "hourly wages as a W-2 employee." Doc. 30, at 3. Mr. Strumpf claims that the facts will show that he was "the lone member of the technology arm of the company." *Id.* But even if discovery shows that, as SETI's CTO, Mr. Strumpf neither supervised nor managed another employee and was paid an hourly wage,[4] Mr. Strumpf addresses only part of the first exception. Both executive employees and officers are also excluded from the definition of "protected person" when the employer's alleged misconduct relates to something that the employee was tasked with reporting or on which the employee was hired to opine. *See* Mo. Rev. Stat. § 285.575(2)(4)(a). The Amended Counterclaim affirmatively alleges that Mr. Strumpf is both an executive employee and an officer—SETI's CTO and a member of the board of directors. Mr. Strumpf does not argue that as CTO he is not an executive employee or officer. Furthermore, Mr. Strumpf does not argue that he was not employed to provide his professional opinion about SETI's technology. To the contrary, he affirmatively alleges that he reviewed the technology as part of his employment as SETI's CTO. Doc. 21, ¶ 16; Doc. 30, at 3. Accordingly, it is simply not plausible that Mr. Strumpf

---

[4] The Court assumes for the purpose of this Order that Mr. Strumpf is correct that to be a "managerial" employee under the Act, an employee must supervise others or manage the company itself.

is a protected person under the Whistleblower's Protection Act, given the first statutory exception applies.[5]

### B. Whether to Dismiss the Complaint with Prejudice

"It is well settled that a district court may dismiss a complaint with prejudice under Rule 12(b)(6) when amendment of a complaint would be futile." *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021). Here, allegations at the core of Mr. Strumpf's claim clearly defeat his ability to recover under Missouri's Whistleblower's Protection Act. Unless Mr. Strumpf pleads fundamentally different, and inconsistent, facts—for example, that he was not SETI's CTO, that he did not review SETI's technology as part of that job, that he did not report perceived deficiencies in SETI's technology to the board, and that SETI's alleged misconduct was not related to the deficiencies Mr. Strumpf noted—his claim will fail. At bottom, amendment will not permit Mr. Strumpf to change these things, and amendment is therefore futile.

What's more, Mr. Strumpf has known about SETI's arguments regarding the statutory exceptions to protected person status since before he originally filed his Counterclaim. *See* Doc. 16. At 7–8. Even still, he made only minimal, if any, changes to the factual allegations in the Amended Counterclaim to account for the deficiencies identified by SETI. Doc. 21. When SETI raised the same arguments in its Renewed Motion to Dismiss, Mr. Strumpf did not have a substantive legal argument to negate them. And even though Mr. Strumpf sought leave to file a

---

[5] Though not raised by the Parties, it appears Missouri courts have not yet decided whether the exceptions to protected person status should be raised as an affirmative defense or whether their absence must be pled to properly state a claim under the Act. The Court need not answer that question here. If an affirmative defense is apparent on the face of the complaint, a court can properly dismiss a plaintiff's complaint pursuant to Rule 12(b)(6). *Noble Sys. Corp. v. Alorica Cent.*, LLC, 543 F.3d 978, 983 (8th Cir. 2008). Here, from the face of the Amended Counterclaim it is clear the exceptions apply. Be it because Mr. Strumpf fails to state a claim because he has not plausibly pled that he is a protected person, or because the Amended Counterclaim establishes that affirmative defenses apply, the exceptions to protected person status doom his claim.

7

Second Amended Counterclaim in his Suggestions in Opposition to SETI's Renewed Motion to Dismiss, his proposal contains nothing that would change the Court's analysis on this point. Doc. 30; Doc. 30-1. Because Mr. Strumpf has long known about SETI's arguments and has twice presented amended factual allegations to the Court that do not remedy the identified problems, the Court concludes that permitting yet another attempt at amendment would be futile.

## IV.    CONCLUSION

SETI's Motion to Dismiss Count II of the Amended Counterclaim, Doc. 23, is GRANTED, and Count II of Mr. Strumpf's Amended Counterclaim is hereby DISMISSED with prejudice.


SO ORDERED.


s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  4/26/2023
Jefferson City, Missouri